**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH LEE TAYLOR,

No. 18-16902

Plaintiff-Appellant,

D.C. No. 3:16-cv-03909-VC

v.

MICHAEL C. SAYRE, M.D.; et al.,

MEMORANDUM*

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted March 3, 2020**

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

California state prisoner Kenneth Lee Taylor appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference, retaliation, and related state law claims.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo, *Sandoval v. County of Sonoma*, 912 F.3d

---

         *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

509, 515 (9th Cir. 2018), and we affirm.

The district court properly granted summary judgment on Taylor's retaliation claim because Taylor failed to raise a genuine dispute of material fact as to whether defendants acted with a retaliatory motive in denying his request for optometry services. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context); *see also Wood v. Yordy*, 753 F.3d 899, 904-05 (9th Cir. 2014) (explaining that "mere speculation that defendants acted out of retaliation is not sufficient" and that specific evidence of a causal connection between the protected conduct and adverse action is required).

The district court properly granted summary judgment on Taylor's deliberate indifference claim because Taylor failed to raise a triable dispute as to whether defendants were deliberately indifferent to his request for optometry services. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Taylor's claim under California Government Code § 845.6 because Taylor failed to raise a triable dispute as to whether defendants failed to summon medical care in response to a

need for immediate medical care. *See* Cal. Gov't Code § 845.6 (a public employee is liable "if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care"); *Castaneda v. Dep't of Corr. & Rehab.*, 151 Cal. Rptr. 3d 648, 666 (Ct. App. 2013) (state actors are only required to summon medical care in response "to serious and obvious medical conditions requiring immediate care" under § 845.6 (citation omitted)).

The district court properly granted summary judgment on Taylor's medical malpractice claim because Taylor failed to raise a triable dispute as to whether defendants breached the applicable standard of care and whether that breach caused Taylor's injury. *See Powell v. Kleinman*, 59 Cal. Rptr. 3d 618, 626 (Ct. App. 2007) (setting forth elements of a medical malpractice claim and explaining that the plaintiff must present expert evidence to establish "that the defendant breached [a] duty to the plaintiff and that the breach caused . . . [the plaintiff's] injury").

We reject as meritless Taylor's contention that the district court clerk erred in denying his request for entry of default against defendants.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**